UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARINA ABRAMOVICH,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>                                                  Plaintiff,<br><br>                v.<br><br>MAGIC HOME CARE LLC,<br><br>                                                  Defendant. | Case No.: 18 Civ. 5342<br><br>**CLASS AND COLLECTIVE ACTION<br>COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Marina Abramovich ("Plaintiff") by her attorneys Wittels Law, P.C. and Kheyfits Belenky LLP brings this action individually and on behalf of a class of persons defined below, against Defendant Magic Home Care LLC, ("Defendant," "MHC" or the "Company") and alleges the following with knowledge as to her own acts, and upon information and belief as to all other acts:

**SUMMARY OF THIS CLASS AND COLLECTIVE ACTION
<u>TO RECOVER FOR DEFENDANT'S WAGE AND HOUR VIOLATIONS</u>**

1.      This suit seeks to remedy MHC's illegal pay practices.  Defendant is a home health care agency whose workers provide home-based aid to individuals in need of medical or other home care assistance.  Plaintiff and the Class are hard-working home health and personal care aides (collectively, "home care workers") employed by MHC.

2.      MHC is a sizeable home health care company, servicing hundreds of individuals in the New York City metropolitan area.  MHC's success is attributable to the devoted service of its home care workers.  Nevertheless, although Plaintiff Ms. Abramovich and the Class work more than 40 hours per week to service MHC's clients, Defendant fails to pay its home care

1

workers the proper overtime compensation they are legally and justly owed.

3. While Defendant's labor practices undoubtedly benefit its bottom line, they are in stark violation of New York State Labor Law ("NYLL" or "N.Y. Labor Law"), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and its supporting regulations.

4. Home care workers perform vitally important work that is physically and psychologically demanding. These workers are crucial for ensuring access to the care that many individuals need to remain healthy and independent, and they should be compensated fairly and, at the very least, in accordance with the law.

5. The home care industry has grown dramatically over the past thirty years as more individuals choose to stay at home rather than seek care in nursing homes. Today, there are approximately 2 million home care workers nationwide supporting their patients' independence. Yet despite the industry's growth, home care workers remain among the lowest paid service industry workers. The average wage for a home care worker in the United States—comprised overwhelmingly of immigrant women and women of color—is less than $20,000 a year. Further, the lack of basic employment protections, including compliance with state and federal wage and hour laws, results in an approximately 50% turnover rate in the home care industry and leaves those who do stay in the industry unable to take care of their own families.

6. Plaintiff Ms. Abramovich brings this action on behalf of herself and all similarly situated employees, both as a class action under Rule 23 of the Federal Rules of Civil Procedure, and as a collective action under the FLSA, 29 U.S.C. § 216(b).

7. Only by joining together in a class and collective action can the Company's employees remedy MHC's ongoing wrongdoing. Because the monetary damages suffered by each employee are small compared to the much higher cost a single employee would incur in

trying to challenge MHC's unlawful pay practices, it makes no financial sense for an individual employee to bring her own lawsuit.  Further, many, if not most, Defendant's employees do not realize they are victims of wage and hour violations.

8. With this class action, Plaintiff and the Class seek to level the playing field and ensure that companies like MHC engage in fair and upright business practices.  Plaintiff therefore seeks equitable relief in addition to monetary damages.  Plaintiff also asks that the Court declare Defendant's wage and hour practices impermissible, enjoin Defendant from continuing its abusive labor practices, require that Defendant return all misappropriated monies, and compensate Plaintiff and the Class for all harms they have suffered because of Defendant's unlawful conduct.

## PARTIES

9. Plaintiff Marina Abramovich is a New York citizen, and at all times relevant to this action resided in Brooklyn, NY.  Plaintiff Abramovich was employed by MHC from around January 2017 until around June 27, 2018.  Plaintiff Abramovich's Consent to Join this Collective Action is attached hereto as Exhibit A.

10. At all relevant times, Plaintiff Abramovich worked as a home care worker in Brooklyn, occasionally working more than 40 hours per week.

11. Defendant MHC is a New York limited liability company with its headquarters located at 250 Avenue X, Brooklyn, NY 11223.  MHC is primarily in the business of placing home health and personal care aides at the homes of patients in New York City with medical and personal care needs.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b) because Plaintiff seeks relief under federal law,

specifically the FLSA, 29 U.S.C. § 201 *et seq*.

13. This Court has jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1332 (the "Class Action Fairness Act"). This action meets the prerequisites of the Class Action Fairness Act, because the aggregate claims of the Class exceed the sum or value of $5,000,000, the Class has more than 100 members, and diversity of citizenship exists between at least one member of the Class and Defendant.

14. This Court also possesses supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same case or controversy.

15. This Court has personal jurisdiction over Defendant because it is a New York limited liability company headquartered in New York.

16. Venue is proper in this district under 28 USC § 1391 because Defendant resides in the Eastern District of New York and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

17. Upon information and belief, MHC was established in 2011. On information and belief, the Company's revenues have been in excess of $500,000 in each year from 2015 to the present.

18. MHC's employees' work also regularly involves them in interstate commerce. Yet MHC has committed multiple wage and hour violations, which are detailed in the following paragraphs.

    A. **Failure to Pay Overtime at the Proper Rate**

19. In 2017, Plaintiff Abramovich's regular rate of pay was $11.00 per hour.

20. In 2018, Plaintiff Abramovich's regular rate of pay was $13.00 per hour

21. During her tenure with MHC, Plaintiff Abramovich worked hours exceeding 40

4

hours per week. Ms. Abramovich's payroll account records confirm the hours she devoted to Defendant's clients.

22. Under the applicable FLSA regulations, 29 CFR Part 552, starting on January 1, 2015, MHC was required to pay Ms. Abramovich and all other members of the Collective at one and a half times their regular hourly rate, for each overtime hour worked in excess of 40 hours worked during a week. Relevant N.Y. Labor Law regulations follows these FLSA regulations.

23. Defendant violated the applicable FLSA and N.Y. Labor Law regulations. For example, as Ms. Abramovich's pay statement attached as Exhibit B demonstrates, during the two-week period of August 19, 2017 to September 1, 2017, MHC recorded 86 of her hours as regular time even though it is mathematically impossible for an hourly worker to work more than 80 straight time hours in a two-week period (40 in the first week + 40 in the second week = 80 possible straight time hours). This pay statement further shows that the 4 overtime hours she was credited should have been paid at $16.50, not the $15.00 rate on Plaintiff's pay statement. This is because state and federal law require that Plaintiff's overtime hours be compensated at 1.5 times her "regular rate" of $11.00 per hour.

24. The overtime violations detailed above are evident from the payroll account records in both Ms. Abramovich's and Defendant MHC's possession.

25. Defendant's failure to pay Plaintiff the proper overtime compensation required by the FLSA and NYLL was willful because it knew about or showed reckless disregard for its failure to compensate its employees at an overtime rate required by these statutes. Defendant's unlawful conduct occurred pursuant to a company policy and/or practice of minimizing labor costs by denying Plaintiff and the Class compensation in violation of the FLSA and NYLL.

5

### B. Denial of "Spread of Hours" Pay for Time Worked in Excess of 10 Hours

26. Plaintiff Abramovich's regular hourly wage was $11 per hour in 2017 and $13 per hour in 2018, in both cases, the minimum required base wage under the New York Wage Parity Law, N.Y. Pub. Health Law § 3614-c.

27. Pursuant to 12 N.Y.C.R.R. § 142-2.4 Defendant is required by New York law to pay Plaintiff and the Class an extra hour's pay for split shifts or any time worked in excess of the 10-hour shift. This required extra pay is called "spread of hours" pay.

28. Plaintiff Abramovich and the Class regularly worked more than ten hours per day. For example, Plaintiff Abramovich worked 12-hour shifts, but was not paid spread of hours pay.

29. Defendant failed and continues to fail to provide spread of hours pay to its employees when they work more than ten hours per day.

30. The spread of hours violations detailed above are evident from the payroll account records in Defendant MHC's possession.

### C. Wage Theft Prevention Act Violations

31. Defendant failed to provide Plaintiff and the Class with accurate wage statements, which is required by NYLL § 195(3). For example, Ms. Abramovich's wage statements did not reflect any compensation required by New York's Wage Parity Law, improperly classified overtime hours as straight time hours, and displayed the incorrect overtime rate.

### D. Failure to Pay Wages Promptly

32. Plaintiff Abramovich and the Class are manual workers within the meaning of NYLL § 191(1)(a)(i). They spend well in excess of 25% of their working time performing physical labor.

33. NYLL § 191(1)(a)(i) requires that Plaintiff and the Class be paid weekly and that wages be paid with no more than a 7-day lag—i.e. not later than seven calendar days after the

6

end of the week in which the wages are earned.

34. The FLSA requires that wages be promptly paid and that they not be unreasonably delayed.

35. Defendant failed to pay earned compensation to Plaintiff and the Class with the frequency and timeliness required by NYLL § 191(1)(a)(i).

36. Defendant also delayed payment to Plaintiff and the Collective for longer than is reasonable under the FLSA.

37. Through Plaintiff Abramovich's employment with MHC, the Company's uniform payroll practice was to pay its employees like Plaintiff Abramovich every other Friday. On each payday, Plaintiff was provided with a single paycheck that covered a two-week pay period, but MHC lagged the checks by 7 days, which meant that payment for the first week of the two-week period of work was delayed by 14 days.

38. Defendant's failure to promptly pay Plaintiff and the Class was willful, unreasonable, and upon information and belief was motivated by illegitimate business purposes, including MHC's desire to hold on to its employee's wages for a longer period of time instead of paying with reasonable promptness.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings Counts I-II under the FLSA on behalf of herself and all other similarly situated current and former home health and personal care aides (collectively "home care workers") employed by Defendant at any time within the three years prior to the date of the filing of this action and thereafter (the "FLSA Collective").

40. At all relevant times, Plaintiff and the FLSA Collective are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan, and common programs, practices,

7

procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff one and-one-half times their regular rates work in excess of 40 hours per workweek and failing to pay Plaintiff her wages promptly.

41. Defendant's unlawful conduct, as described in this Class and Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs.

42. Defendant is aware or should have been aware that as of January 1, 2015 federal law requires it to pay home care workers an overtime premium for hours worked in excess of 40 per workweek.

43. Defendant is aware or should have been aware that the FLSA requires prompt payment of wages.

44. Counts I-II are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

45. The members of the FLSA Collective are readily ascertainable, can be located through Defendant's records, and would benefit from the issuance of a court supervised notice of this lawsuit and the opportunity to join the lawsuit.

46. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings Counts III–VI pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a Class of MHC employees preliminarily defined as follows:
> All persons who were employed by MHC as home care workers who, at any time within six years prior to the date of the filing of this action and thereafter, did not receive full compensation for all overtime and straight hours worked.

48. Excluded from the Class are Defendant, Defendant's legal representatives,

officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in MHC; and the Judge(s) to whom this case is assigned, their judicial staffs, and any member of the Judges' immediate family.

49. The claims of Plaintiff and the Class may properly be maintained as a class action against Defendant pursuant to the provisions of Federal Rule of Civil Procedure 23.

50. The size of the Class is more than 100 individuals. The persons in the Class are so numerous that the joinder of all such persons is impracticable.

51. Plaintiff is a member of the Class. Her claims are typical of the claims of the Class and do not conflict with the interests of any other members of the Class. All members of the Class have been subject to and affected by the same or similar conduct.

52. Plaintiff will fairly and adequately protect the interests of all Class members because it is in her best interest to vigorously prosecute the claims alleged herein and to obtain full compensation due to her for the illegal conduct of which she complains. Plaintiff has retained competent and experienced class action attorneys to represent her interests and those of the Class.

53. Questions of law and fact are common to the Class and predominate over any questions affecting only individual members, and a class action will generate common answers to the questions below, which are apt to drive the resolution of this action:

   a. Whether Defendant failed to pay its employees all overtime compensation earned in violation of N.Y. Labor Law §§ 650 *et seq.* and 12 N.Y.C.R.R. § 142-2.2;

   b. Whether Defendant failed to pay its employees with the frequency required by NYLL § 191(1)(a)(i);

   c. Whether Defendant should compensate its employees for an extra hour of pay for all days when they worked more than 10 hours or worked split shifts as required by New York's spread-of-hours law;

   d. Whether Defendant failed to furnish the Class with accurate wage statements, as

9

  required by NYLL § 195(3);

 e. Whether, and to what extent, equitable relief should be imposed on Defendant to prevent the Company from continuing its unlawful labor policies; and

 f. The extent of class-wide injury and the measure of damages for those injuries.

54. A class action is superior to all other available methods for resolving this controversy because i) the prosecution of separate actions by Class members will create a risk of adjudications with respect to individual Class members that will, as a practical matter, be dispositive of the interests of the other Class members not parties to this action, or substantially impair or impede their ability to protect their interests; ii) the prosecution of separate actions by Class members will create a risk of inconsistent or varying adjudications with respect to individual Class members, which will establish incompatible standards for Defendant's conduct; iii) Defendant has acted or refused to act on grounds generally applicable to all Class members; and iv) questions of law and fact common to the Class predominate over any questions affecting only individual Class members.

55. Accordingly, this action satisfies the requirements set forth under Fed. R. Civ. P. 23(a) and 23(b).

## COUNT I
### (FLSA – Unpaid Overtime Wages)

56. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

57. At all relevant times, Plaintiff and the FLSA Collective were employed by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

58. At all relevant times, Plaintiff and the FLSA Collective were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

59. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*,

and the supporting federal regulations, 29 CFR Part 552 effective as of January 1, 2015, apply to Defendant MHC and protect Plaintiff and the FLSA Collective.

60. The FLSA 29 U.S.C. §§ 206 and 207 mandate that in calculating overtime the employer must utilize the employees' regular rate of pay.

61. In violation of the FLSA and supporting regulations, MHC has engaged in a widespread pattern, policy, and practice of failing to pay Plaintiff and the FLSA Collective overtime wages at time-and-a-half their regular rate of pay for all hours that they worked over 40 hours in a workweek.

62. As a result of Defendant's unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial and are entitled to recovery of such amounts as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## COUNT II
### (FLSA – Failure to Pay Wages Promptly)

63. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

64. The FLSA mandates that wages be promptly paid and that they not be unreasonably delayed.

65. In violation of the FLSA, MHC has engaged in a widespread pattern, policy, and practice of failing to promptly pay Plaintiff and the FLSA Collective.

66. Defendant's unlawful conduct has been willful and intentional. Defendant was aware or should have been aware that its practices with respect to the compensation of Plaintiff and the FLSA Collective are unlawful. Because Defendant willfully violated the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

11

67. Defendant has not made a good faith effort to comply with the FLSA's prompt payment requirement.

68. As a result of Defendant's unlawful acts, Plaintiff and the FLSA Collective have been deprived of compensation in amounts to be determined at trial and are entitled to recovery of such amounts as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## COUNT III
### (NYLL – Unpaid Overtime Wages)

69. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

70. The overtime wage provisions of Article 19 of the N.Y. Labor Law and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

71. In violation of N.Y. Labor Law applicable regulations MHC has engaged in a widespread pattern and practice of failing to pay its employees overtime compensation.

72. By Defendant's knowing or intentional failure to pay Plaintiff and the Class an overtime premium or pay the correct overtime rate, Defendant has willfully violated N.Y. Labor Law Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

73. Due to Defendant's willful violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid overtime wages earned and due during the six years prior to the commencement of this action and thereafter, as well as liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, pursuant to N.Y. Labor Law § 663.

## COUNT IV
### (NYLL – Violations Related to Timeliness and Frequency of Pay)

74. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

75. Plaintiff and the Class are manual workers within the meaning of NYLL § 191(1)(a)(i).

76. Stella Orton willfully failed to pay Plaintiff and the Class earned compensation in a timely manner and with the required frequency in violation of NYLL § 191(1)(a)(i).

77. Due to Defendant's willful violations of the N.Y. Labor Law, Plaintiff and the Class are entitled to recover from Defendant damages for late payments of wages in the amount of liquidated damages equal to one hundred percent of all late payments, as well as reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to N.Y. Labor Law § 198.

## COUNT V
### (NYLL – Spread-Of-Hours Pay)

78. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

79. Under 12 NYCRR § 142-2.4, MHC is required to pay an hourly employee an extra hour of pay for any split-shift or day in which the employee's "spread of hours" exceeds 10 hours.  The relevant spread is the time between the beginning and the end of employee's work day including all working time, time off for meals, and time off duty, as defined by 12 NYCRR § 142-2.18.

80. Plaintiff and the Class often work a spread of hours in excess of 10 hours per day or split shifts.  However, Defendant never pays these employees an extra hour of pay for each day in which they worked over 10 hours or a split shift.  Defendant continually violates 12

NYCRR § 142-2.4.

81. By Defendant's knowing or intentional failure to pay Plaintiff and the Class spread-of-hours pay, Defendant has willfully violated N.Y. Labor Law Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

82. Due to Defendant's willful violations of the N.Y. Labor Law, Plaintiff and the Class are entitled to recover from Defendant their wages earned and due during the six years previous to commencing this action and thereafter, as well as liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT VI
### (NYLL – Failure to Provide Accurate Wage Statements)

83. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

84. MHC willfully failed to provide Plaintiff and the Class with accurate statements of wages, as required by N.Y. Labor Law § 195(3) by, among others, reflecting any compensation required by New York's Wage Parity Law, improperly classifying overtime hours as straight time hours, and displaying the incorrect overtime rate.

85. Through its knowing or intentional failure to provide Plaintiff and the Class with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

86. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Class are entitled to statutory penalties of $250 for each workweek that Defendant failed to provide them with accurate wage statements, or a total of up to $5,000, plus reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Marina Abramovich on her own behalf and on behalf of all other similarly situated persons, seeks the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA and state law claims;

B. Designation of Plaintiff as the Representative of the FLSA Collective;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, et seq.;

D. An award of damages, according to proof, including liquidated damages, to be paid by Defendant, as authorized by the FLSA;

E. Certification of this case as a class action pursuant to Rule 23;

F. Designation of Plaintiff as the Representative of the Class and counsel of record as Class Counsel;

G. Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under the NYLL, Article 6, §§ 190, *et seq.*, NYLL, Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations;

H. An award of unpaid overtime pay, spread of hours pay, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

I. Statutory penalties of $250 for each workweek that Defendant failed to provide Plaintiff and the Class with accurate wage statements, or a total of $5,000, as provided for by the

NYLL, Article 6 § 198;

      J.      Pre-judgment interest and post-judgment interest;

      K.      Issuance of an injunction requiring Defendant to pay all statutorily required wages pursuant to the N.Y. Labor Law and an order enjoining Defendant from continuing its unlawful policies and practices as described herein with respect to the Class and Collective;

      L.      Punitive damages;

      M.      Penalties, as provided by law;

      N.      Reasonable attorneys' fees and costs of the action; and

      O.      Such other relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Medvedeva requests trial by jury in this action of all issues so triable.

Dated: September 21, 2018
       Armonk, New York

                     By:    /s/ Steven L. Wittels
                            Steven L. Wittels (SW-8110)
                            J. Burkett McInturff (JM-4564)
                            Tiasha Palikovic (TP-5697)

                            **WITTELS LAW, P.C.**
                            18 HALF MILE ROAD
                            ARMONK, NEW YORK 10504
                            Telephone: (914) 319-9945
                            Facsimile: (914) 273-2563
                            slw@wittelslaw.com
                            jbm@wittelslaw.com
                            tpalikovic@wittelslaw.com

                            *Attorneys for Plaintiff and the Class*

Andrey Belenky (AB-1976)
Dmitry Kheyfits (DK-9799)
**KHEYFITS BELENKY LLP**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
Phone: (212) 203-5399
Facsimile: (212) 203-6445
abelenky@kblit.com
dkheyfits@kblit.com

*Co-Counsel for Plaintiff and the Class*