**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MARINA ABRAMOVICH,
Individually and on Behalf of All Others
Similarly Situated,

                                            Plaintiff,

            v.

MAGIC HOME CARE LLC,

                                            Defendant.

Case No. 18 Civ. 5342 (DLI) (RML)

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR SANCTIONS DUE TO DEFENDANT'S FORGERY**

---

**WITTELS MCINTURFF PALIKOVIC**
Steven L. Wittels
J. Burkett McInturff
Tiasha Palikovic
18 HALF MILE ROAD
ARMONK, NEW YORK 10504
Telephone: (914) 319-9945
Facsimile: (914) 273-2563
slw@wittelslaw.com
jbm@wittelslaw.com
tpalikovic@wittelslaw.com

*Lead Counsel for Plaintiff and the Class*

**KHEYFITS BELENKY LLP**
Andrey Belenky
1140 AVENUE OF THE AMERICAS, 9TH FLOOR
NEW YORK, NY 10036
Telephone: (212) 203-5399
Facsimile: (212) 203-6445
abelenky@kblit.com

*Co-Counsel for Plaintiff and the Class*

Dated:  March 15, 2021

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................ 1

FACTUAL BACKGROUND ............................................................................... 3

ARGUMENT ...................................................................................................... 6

   I.  DEFENDANT'S FORGERY WAS A FRAUD ON THE COURT ..................................... 6

  II.  DEFENDANT'S FORGERY IS SANCTIONABLE UNDER THE COURT'S
      INHERENT POWER ..................................................................................... 8

  III. TERMINATING SANCTIONS ARE APPROPRIATE HERE ............................................ 8

CONCLUSION................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**

*Almeciga v. Ctr. for Investigative Reporting, Inc.*,
  185 F.Supp.3d 401 (S.D.N.Y. 2016) ........................................................................ 8

*Amerisource Corp. v. Rx USA Int'l Inc.*,
  2010 WL 2730748 (E.D.N.Y. July 6, 2010) ............................................................ 8

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991) .................................................................................................... 8

*Crown Awards, Inc. v. Trophy Depot, Inc.*,
  2017 WL 564885 (S.D.N.Y. Feb. 13, 2017) ............................................................ 6

*Deloache-Holford v. Liberty Mut. Ins.*,
  2010 WL 2787626 (E.D.N.Y. May 25, 2010) ...................................................... 11

*Furminator, Inc. v. Kim Laube & Co., Inc.*,
  2009 WL 5176562 (E.D.Mo. Dec.21, 2009) .......................................................... 7

*Hargrove v. Riley*,
  2007 WL 389003 (E.D.N.Y. Jan. 31, 2007) ..................................................... 7, 11

*Hazel–Atlas Glass Co. v. Hartford–Empire Co.*,
  322 U.S. 238 (1944) .................................................................................................. 9

*Jung v. Neschis*,
  2009 WL 762835 (S.D.N.Y. Mar. 23, 2009) .......................................................... 7

*McMunn v. Mem'l Sloan-Kettering Cancer Ctr.*,
  191 F. Supp. 2d 440 (S.D.N.Y. 2002) ..................................................................... 9

*Moreira v. Sherwood Landscaping Inc.*,
  2015 WL 1527731 (E.D.N.Y. Mar. 31, 2015) ....................................................... 1

*Passlogix, Inc. v. 2FA Tech., LLC*,
  708 F. Supp. 2d 378 (S.D.N.Y. 2010) ..................................................................... 6

*Scholastic, Inc. v. Stouffer*,
  221 F. Supp. 2d 425 (S.D.N.Y. 2002) ................................................................ 7, 9

*Skywark v. Isaacson*,
  1999 WL 1489038 (S.D.N.Y. Oct. 14, 1999) ......................................................... 9

*Sun World, Inc. v. Lizarazu Olivarria*,
  144 F.R.D. 384 (E.D. Cal. 1992) .................................................................. 10, 11, 12

*United States v. Beggerly*,
   524 U.S. 38 (1998)......................................................................................................... 9

**Statutes**

N.Y. Penal Law § 170.10........................................................................................................ 7

N.Y. Penal Law § 70.00.......................................................................................................... 7

**Other Authorities**

Judith Resnick, *Diffusing Disputes: The Public in the Private of Arbitration, the Private in Courts, and the Erasure of Rights*, 124 Yale L.J. 2804, 2804 (2015) ..................................... 3

## <u>INTRODUCTION</u>

Defendant Magic Home Care LLC ("Defendant" or "MHC") is a large home health care company that employs hundreds of low-income home care workers.  Class and Collective Action Complaint ("Compl.") ¶¶ 2–3.  Plaintiff Marina Abramovich brought this class and collective action to remedy MHC's systematic and long-lasting illegal pay practices that have harmed MHC's many workers.  *Id*. ¶ 3.  MHC's pay practices clearly and unquestionably violate the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and its supporting regulations, as well as the New York State Labor Law ("NYLL"), Art. 19, § 650 *et seq*.  *Id*.

Home care workers perform physically demanding and vitally important work for very low pay.  *Id.* ¶ 5.  Home health companies like MHC exercise a significant power differential over their low-income employees, who make on average less than $20,000 a year and are comprised overwhelmingly of immigrant women and women of color, many of whom speak little English and lack awareness of state and federal wage and hour laws.  *Id.*  Wage abuses in the home care industry are both wide-spread and well documented.[1]

In this case, however, MHC took its abusive practices to another level entirely.  After Plaintiff Ms. Abramovich filed this class action MHC brazenly forged her signature on a mandatory arbitration agreement that would bar this lawsuit and any class action claims.  MHC's motive was clear: by fraudulently forcing this case to MHC's chosen forum (arbitration where class actions are barred) MHC sought to insulate itself from the damages it owes to the hundreds of workers it victimized.  *See Moreira v. Sherwood Landscaping Inc.*, No. 13 Civ. 2640 (AKT), 2015 WL 1527731, at *15 (E.D.N.Y. Mar. 31, 2015) (where "many potential class members are

---

[1] Chris Opfer, *Obama Playbook Still Governs Policing of Home Care Pay*, Bᴌᴏᴏᴍʙᴇʀɢ Lᴀᴡ, Apr. 24, 2019 https://news.bloomberglaw.com/daily-labor-report/obama-playbook-still-governs-policing-of-home-care-labor-actions (last accessed March 15, 2021).

foreign-born, have limited reading and writing skills, and may fear reprisal from Defendants . . .

a class action . . . is likely the only device by which many of the proposed class members would

obtain relief.") (internal citations and quotations omitted).  Defendant's forgery is also subject to

criminal penalties.  N.Y. Penal Law § 170.10.  Commensurate to the severity of this crime,

"[f]orgery in the second degree is a class D felony," *id.*, punishable by up to 7 years in prison.

N.Y. Penal Law § 70.00.

When Ms. Abramovich and her counsel discovered MHC's forgery and requested

discovery to allow our handwriting expert to further analyze the signature on the arbitration

agreement, Defendant doubled down, refused to provide discovery, and pressed the Court to

move forward with Defendants' arbitration motion.  March 15, 2021 Declaration of J. Burkett

McInturff ¶¶ 4–6 ("McInturff Decl.").  Magistrate Judge Levy rejected Defendant's efforts to

block discovery and ordered MHC to allow Plaintiff's expert access to the contested signature.

Nov. 21, 2018 ECF Order.  Then, Defendant hastily withdrew its arbitration motion and sought

to bar Plaintiff's handwriting expert from completing his analysis, deriding his work as "a

needless distraction from the merits of the case," ECF No. 41, which Judge Levy again rebuked.

Jan. 29, 2019 ECF Order.  Defendant's cavalier "no harm, no foul" approach to its fraud on the

Court should not be tolerated.  If Defendant had been able to pass its forgery off as a genuine

signature, it would have insulated itself from having to pay its workers their lawfully owed

wages.  Thus, proportional sanctions here, and indeed the only sanctions that can adequately

deter such intentional misconduct, are terminating sanctions.

Accordingly, and for the reasons stated below, Plaintiff Marina Abramovich requests that

the Court dismiss Defendant's Answer and enter default judgment in favor of Plaintiff.

## **FACTUAL BACKGROUND**

On September 21, 2018, Plaintiff filed her Class and Collective Action Complaint exposing Defendants' endemic illegal wage practices.  ECF No. 1.  As detailed in Plaintiff's complaint, Defendant's illegal pay practices include its failure to pay its home care workers the proper overtime rate, failure to timely issue workers' weekly paychecks, and violations of New York's Wage Theft Prevention Act wage statement requirements.  *Id.*

On November 2, 2018, Defendant filed a pre-motion letter requesting that the Court hold a conference on Defendant's anticipated motion to compel arbitration.  ECF No. 18.  Attaching an arbitration agreement Plaintiff allegedly signed on May 14, 2018 (ECF No. 18–1), Defendant claimed Plaintiff had agreed that "'arbitration . . . is the sole and exclusive method for resolving [her claims]' and that "[s]he also waived the right for any Claim to be heard on a class or collective basis."  *Id.*  It is well settled that such provisions are essentially silver bullets that insulate employers from civil liability for their wage and hour violations.  *See* Judith Resnick, *Diffusing Disputes: The Public in the Private of Arbitration, the Private in Courts, and the Erasure of Rights*, 124 YALE L.J. 2804, 2804 (2015) ("Although hundreds of millions of consumers and employees are obliged to use arbitration as their remedy, almost none do so— rendering arbitration not a vindication but an unconstitutional evisceration of statutory and common law rights.").

On November 14, 2018, after having conducted a preliminary investigation and seeking the assistance of a noted handwriting expert we informed defense counsel that Plaintiff believed her signature on the arbitration agreement had been forged.  ECF No. 27 at 2.  Specifically, Plaintiff's counsel advised defense counsel of our expert's preliminary findings that Ms. Abramovich's signature had been traced.  McInturff Decl. ¶ 4.  Importantly, we also advised

defense counsel that unlike more sophisticated forgeries, a tracing is very easily identified and exposed.  *Id.*; *see also* Manashree Mane, *Signs of traced signature in forgery*, INDIAN JOURNAL OF APPLIED RESEARCH, 213–14 (June 2014) ("From an expert's point of view, a traced forgery is the crudest forgery.") https://www.worldwidejournals.com/indian-journal-of-applied-research-(IJAR)/file.php?val=June_2014_1401710977_7354c_66.pdf (last accessed March 15, 2021). Plaintiffs also sought Defendant's consent to allow our expert to perform an in-person examination of the arbitration agreement as well as the other examples of Ms. Abramovich's signature in her MHC personnel file.  McInturff Decl. ¶ 5.  Defendant quickly rejected this request and advised Plaintiff's counsel the next day that "we plan to proceed with our motion and allow the Court to determine if discovery is necessary."  McInturff Decl. Ex. A.[2]

Plaintiff then promptly moved for her requested discovery (ECF No. 27) which Defendant opposed.  ECF No. 28.  Magistrate Judge Levy rebuffed Defendant's attempt to block discovery and granted Plaintiff's request for "limited discovery . . . into the authenticity of plaintiff's signature on the arbitration agreement."  Nov. 21, 2018 ECF Order.  This request included "Plaintiff's expert's [request] that he be given [in-person] access to Ms. Abramovich's full Magic Home Care personnel file and the signatures contained therein."  ECF No. 27.  That same day Judge Levy also granted Defendant's motion to stay briefing on Plaintiff's FLSA conditional certification motion.  ECF No. 30.  Relying on Defendant's claims about the authenticity of the arbitration agreement, he stayed Plaintiff's motion "pending Chief Judge Irizarry's ruling on defendant's motion to stay or dismiss the action and compel arbitration."  *Id.* On November 30, Defendant sought a revised briefing schedule on its arbitration motion.  ECF No. 34.

---

[2] All referenced exhibits are to McInturff Decl. exhibits.

4

On December 5, 2018, Judge Levy endorsed the parties' joint discovery schedule which included *inter alia* the production of photocopies of Plaintiff's personnel file (by December 7) and Plaintiff's expert's in-person examination of the signatures in Plaintiff's personnel file (by the week of December 17).  Dec. 5 ECF Order.  On December 7, Defendant produced photocopies of Plaintiff personnel file, including the arbitration agreement with the disputed signature and dozens of documents bearing uncontested versions of Plaintiff's signature.  ECF No. 40.  Just ten days later (and before the expert's in-person examination had occurred), Defendant rushed to withdraw the forged document.  ECF No. 35.  Defendant's withdrawal notice did not admit that it had forged Plaintiff's signature.  *Id.*

On January 7, 2019, Plaintiff's handwriting expert completed his analysis of the photocopied documents in Plaintiff's personnel file and preliminarily concluded that the signature on the arbitration agreement was traced from another document in Plaintiff's personnel file.  *See* Preliminary Expert Report of Richard T. Picciochi, ECF No. 40–2.  In other words, **_only_** an individual with access to Plaintiff's personnel file could have forged her signature, and that person used another document in Plaintiff's file to trace Plaintiff's signature.

On January 23, 2019, Defendant withdrew all documents it had submitted in furtherance of its claim that Plaintiff has signed an arbitration agreement, including a sworn declaration by Defendant's Senior Manager stating under penalty of perjury that Plaintiff had "executed" the arbitration agreement on May 14, 2018.  ECF No. 38.  This withdrawal notice likewise did not admit that Defendant had forged Plaintiff's signature.  Instead, Defendant refused to allow Plaintiff's expert to conduct an in-person examination of Plaintiff's personnel file and on January 28, 2019, Defendant requested that Judge Levy block all further discovery into the forgery, claiming that "the discovery that the plaintiff seeks into the withdrawn agreement – expedited or

otherwise – would be a needless distraction from the merits of the case that should not be permitted."  ECF No. 41.  The very next day Judge Levy denied Defendant's request.  *See* Jan. 29, 2019 Minute Entry ("Defendant shall make available for inspection by plaintiff's handwriting expert the personnel file at issue for the alleged forgery.").  Shortly thereafter, Judge Levy stayed all discovery and at the Court's direction the parties began discussing a potential resolution of this matter.  *See* January 28, 2019 Conf. Tr. (ECF No. 61) 20:12–15 ("COURT: [Defendant] will make available the document for plaintiff's expert to review . . . .  I'm going to send you to mediation . . . and you can resolve the sanctions issue as part of the case.").

The settlement discussions did not bear fruit and on March 3, 2021 the parties notified the Court that they would be returning to litigation.  ECF No. 60.   Accordingly, and upon the final Expert Report of Richard T. Picciochi with annexed exhibits, attached as McInturff Decl. Ex. B, Plaintiff brings this Motion for Sanctions Due to Defendant's Forgery.

## ARGUMENT

## I. DEFENDANT'S FORGERY WAS A FRAUD ON THE COURT

Fraud on the court occurs where "a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by . . . unfairly hampering the presentation of the opposing party's claim or defense."  *Crown Awards, Inc. v. Trophy Depot, Inc.*, No. 15 Civ. 1178 (LAK) (AJP), 2017 WL 564885, at *10 (S.D.N.Y. Feb. 13, 2017) (quoting *Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 393 (S.D.N.Y. 2010)).  Fraud on the court is particularly insidious because it "defile[s] the court itself . . . so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication."  *Kupferman v. Consol.*

*Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972) (internal citation and quotation marks omitted).

It is well established that the submission of forged or otherwise faked documents constitutes fraud on the court. *See, e.g.*, *Hargrove v. Riley*, No. 04 Civ. 4587 (DGT), 2007 WL 389003, at *11 (E.D.N.Y. Jan. 31, 2007) (granting sanctions, and ultimately summary judgment, where party submitted forgeries during discovery and again as exhibits in opposition to summary judgment); *Jung v. Neschis*, No. 01 Civ. 6993 (RMB) (THK), 2009 WL 762835, at *3 (S.D.N.Y. Mar. 23, 2009) (sanctions where party submitted fabricated CT scans as evidence of mental incapacitation); *Scholastic, Inc. v. Stouffer*, 221 F. Supp. 2d 425, 442 (S.D.N.Y. 2002) (defendant's "knowing submission" of evidence containing a misrepresentation was a fraud upon the court). Defendant's forgery here is also "a class D felony," N.Y. Penal Law § 170.10, punishable by up to 7 years in prison. N.Y. Penal Law § 70.00.

As Plaintiff's handwriting expert has concluded, there is virtually no question that Defendant forged Plaintiff's signature. Ex. B at ¶ 26 (identifying the arbitration agreement signatures as "spurious writings," which opinion is "expressed with the ***highest degree of confidence*** within the range of opinions published by SWGDOC [Scientific Working Group for Document Examiners] for expressing a conclusion.") (emphasis added). There is also no question that Defendant relied on this fake document in the hopes of dismissing this important worker's rights class action—until Plaintiff discovered the forgery, overcame Defendant's multiple efforts to obstruct discovery into the forgery, and exposed Defendant's criminal conduct. *See Furminator, Inc. v. Kim Laube & Co., Inc.*, No. 08 Civ. 367 (ERW), 2009 WL 5176562, at *3 (E.D.Mo. Dec.21, 2009) (creation and use of fabricated evidence could not have been "made in error because the evidence suggests that Defendant attempted to avoid answering

7

questions about the fabricated evidence and did nothing to correct the obviously false statements").

## II. DEFENDANT'S FORGERY IS SANCTIONABLE UNDER THE COURT'S INHERENT POWER

The Court has inherent power to sanction Defendant's forgery, as "the court may safely rely on its inherent power" to sanction a party for fraud on the court. *Amerisource Corp. v. Rx USA Int'l Inc.*, No. 02 Civ. 2514 (JMA), 2010 WL 2730748, at *5 n. 3 (E.D.N.Y. July 6, 2010). "By their very creation, courts are vested with the inherent power to sanction parties who abuse the judicial process or perpetrate fraud upon the court." *Id.* at *5 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991)). Sanctions for fraud on the court are warranted where "it is established by clear and convincing evidence that [a party] has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability to adjudicate the action." *Almeciga v. Ctr. for Investigative Reporting, Inc.*, 185 F. Supp. 3d 401, 427 (S.D.N.Y. 2016).

Additionally, "[t]he Court's inherent power to sanction litigation misconduct is potent . . . and authorizes the court to fashion sanctions as severe as [terminating sanctions] and imposing attorneys' fees for the entire cost of the litigation." *Amerisource*, 2010 WL 2730748, at *5 (citing *Chambers*, 501 U.S. at 44).

## III. TERMINATING SANCTIONS ARE APPROPRIATE HERE

The Court's power to sanction Defendant for fraud on the court is far-reaching. *Hargrove*, 2007 WL 389003, at *1156-57 ("If a party commits a fraud on the court, the court has the inherent power to do whatever is reasonably necessary to deter abuse of the judicial process."). When faced with fraud on the court, "powerful sanction[s]" such as terminating sanctions are "entirely appropriate." *McMunn v. Mem'lMem'l Sloan-Kettering Cancer Ctr.*, 191

8

F. Supp. 2d 440, 461 (S.D.N.Y. 2002); *see also, e.g., Skywark v. Isaacson*, No. 96 Civ. 2815 (JFK), 1999 WL 1489038, at *1 (S.D.N.Y. Oct. 14, 1999) (dismissing case for fraud on the court); *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238 (1944) (vacating a judgment twelve years after it became final for fraud on the court).

In considering what sanction to impose, courts consider the following five factors: (i) whether the misconduct was the product of intentional bad faith; (ii) whether and to what extent the misconduct prejudiced the plaintiffs; (iii) whether there was a pattern of misbehavior rather than an isolated instance; (iv) whether and when the misconduct was corrected; and (v) whether further misconduct is likely to occur in the future. *Scholastic*, 221 F. Supp. 2d at 444 (citing *McMunn*, 191 F. Supp. 2d at 461).

Under these criteria, terminating sanctions are clearly warranted here. Defendant deliberately attempted to obtain dismissal and insulation from class-wide liability by means of a forged document. Such a deliberate attempt is clearly intentional bad faith, and no misconduct can be more prejudicial than conduct which threatens to effectuate a dispositive outcome. In fact, a dispositive ruling obtained by forgery is so repugnant to the interests of justice that the Supreme Court has explicitly enumerated such behavior as a paradigmatic example of misconduct justifying overturning a previously-entered judgment. *See United States v. Beggerly*, 524 U.S. 38, 47 (1998) (citing judgment obtained through forgery as an example of "injustices which . . . are deemed sufficiently gross to demand departure from [] adherence to the doctrine of res judicata").

Defendant's forgery, while independently severe enough to merit terminating sanctions, was not an isolated incident. Defendant used the forged document first to support its Motion to Compel Arbitration, ECF No. 18, and then again to delay Plaintiff's then-pending Motion for

Conditional Certification, ECF No. 19.  When Plaintiff and her counsel discovered the forgery, Defendant attempted to fast-track its arbitration motion (McInturff Dec. Ex. A) while stonewalling our inquiry into the issue, and doubling down on its false claim, stating that it "vehemently denies Plaintiff's contention that her signature on the arbitration agreement was traced or otherwise forged."  ECF No. 28.  When Judge Levy ordered further inquiry into the forgery, Defendant abruptly stated that it "no longer intends to proceed with its motion to compel arbitration" and "[w]e therefore respectfully request that the Court vacate the respective Docket Orders . . . so that it may proceed in the normal course."  ECF No. 35.  Defendant then tried to use the fact of its withdrawn arbitration motion as an excuse to block Plaintiff's expert from completing his analysis, which required yet another intervention by Judge Levy.  *See* Jan. 29, 2019 Minute Entry ("Defendant shall make available for inspection by plaintiff's handwriting expert the personnel file at issue for the alleged forgery.").  That Defendant not only failed to come clean about its misconduct but then twice attempted to block Plaintiff's inquiry into its wrongdoing and sweep this serious issue under the rug illustrates a pattern of misbehavior.

The terminating sanctions issued in *Sun World, Inc. v. Lizarazu Olivarria* are instructive in this regard.  144 F.R.D. 384, 386–87 (E.D. Cal. 1992).  *Sun World* involved a dispute over an exclusive marketing contract.  *Id.* at 386.  When the *Sun World* plaintiff brought suit, the defendant introduced a fraudulent Notice of Termination purporting to void the marketing agreement.  *Id.* at 386–87.  The Sun World court determined that defendant had purposefully introduced fraudulent documents, and ruled that:

> [T]he only appropriate sanction is the striking of [defendant's] answer, the dismissal of his counterclaim and the entry of default judgment against him on [plaintiff's] complaint.  [Defendant's] egregious conduct, his lack of repentance and his obvious disregard for this court's authority force the conclusion that no other sanction would be efficacious.  Accordingly, pursuant to Rule 11, the court hereby strikes [defendant's] answer, dismisses his counterclaim, orders the entry of

10

default judgment for [plaintiff], and orders [defendant] to pay all costs and attorney's fees incurred by [plaintiff] resulting from and relating to the fraudulent document.

*Sun World*, 144 F.R.D. at 390.  The *Sun World* court also found that terminating sanctions were likewise merited under the court's inherent powers.  *Id.* at 391.

Indeed, terminating sanctions are routinely granted when forgery is found.  *See, e.g., Hargrove*, 2007 WL 389003, at *11 (dismissing with prejudice where plaintiff fabricated evidence to advance his claims); *Shangold v. Walt Disney Co.*, No. 03 Civ. 9522 (WHP), 2006 WL 71672, at *5 (S.D.N.Y. Jan. 12, 2006), *aff'd*, 275 F. App'x 72 (2d Cir. 2008) (same); *Scholastic*, 221 F. Supp. 2d at 439–44 (dismissing with prejudice where plaintiff produced several pieces of falsified evidence); *Deloache-Holford v. Liberty Mut. Ins.*, No. 08 Civ. 1792 (SJF), 2010 WL 2787626, at *1 (E.D.N.Y. May 25, 2010) (dismissing plaintiff's claims with prejudice and awarding attorney's fees where plaintiff forged a witness' signature).

*DeLoache-Holford* also provides a useful comparison.  There, an employment discrimination plaintiff was alleged to have committed fraud on the court by submitting a forged witness signature.  2010 WL 11632504, at *1–2 (E.D.N.Y. Feb. 17, 2010).  Judge Feuerstein ordered a hearing on the authenticity of the plaintiff's submission.  *Id.* at *3.  After this authenticity hearing, during which a handwriting expert testified on behalf of the *DeLoache* defendant, the case was dismissed and the defendant was awarded attorneys' fees.  *Deloache-Holford v. Liberty Mut. Ins.*, No. 08 Civ. 1792 (SJF) (LB), 2010 WL 2787626, at *1 (E.D.N.Y. May 25, 2010), *report and recommendation adopted as modified*, No. 08 Civ. 1792 (SJF) (WDW), 2010 WL 2787622 (E.D.N.Y. July 9, 2010).

The misconduct at issue here is as simple as it is repugnant.  Defendant tried to win this case through a document it forged and put forward to the Court as authentic through a perjurious

authentication.  Defendant's "no harm, no foul" posture makes too little of criminal conduct that

was intentional, calculated, reiterated, and incredibly prejudicial.  Worse, rather than correct its

misconduct with candor, Defendant twice tried to block Plaintiff's inquiry into it, further

impeding the Court's ability to ascertain the truth of the matter.  As Defendant's "egregious

conduct, [] lack of repentance, and [] obvious disregard for this court's authority force the

conclusion that no other sanction would be efficacious," *Sun World*, 144 F.R.D. at 390, "the only

appropriate sanction is the striking of [Defendant's] answer, the dismissal of his counterclaim

and the entry of default judgment against [it] on [Plaintiff's] complaint."  *Id.*

## <u>CONCLUSION</u>

For the foregoing reasons in this Memorandum and in the accompanying papers, Plaintiff

respectfully requests that the Court dismiss Defendant's Answer and enter default judgment in

favor of Plaintiff.


Dated:  March 15, 2021
        Armonk, New York

                                    Respectfully submitted,

                              By:  /s/ Steven L. Wittels
                                    Steven L. Wittels
                                    J. Burkett McInturff

                                    **WITTELS MCINTRUFF PALIKOVIC**
                                    Steven L. Wittels
                                    J. Burkett McInturff
                                    Tiasha Palikovic
                                    18 HALF MILE ROAD
                                    ARMONK, NEW YORK 10504
                                    Telephone: (914) 319-9945
                                    Facsimile: (914) 273-2563
                                    slw@wittelslaw.com
                                    jbm@wittelslaw.com
                                    tpalikovic@wittelslaw.com

12

**KHEYFITS BELENKY LLP**
Andrey Belenky
1140 AVENUE OF THE AMERICAS, 9TH FLOOR
NEW YORK, NY 10036
Telephone: (212) 203-5399
Facsimile:  (212) 203-6445
abelenky@kblit.com

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the below-listed documents in support of

Plaintiff's Motion for Sanctions Due to Defendant's Forgery was served via ECF this 15th day of

March, 2021 upon the following counsel of record:

1. Plaintiff's Notice of Motion for Sanctions Due to Defendant's Forgery, dated March 15, 2021;

2. Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Sanctions Due to Defendant's Forgery, dated March 15, 2021; and

3. Declaration of J. Burkett McInturff in Support of Plaintiff's Motion for Sanctions Due to Defendant's Forgery, with annexed Exhibits, dated March15, 2021.

/s/  Steven L. Wittels
     Steven L. Wittels